

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SMW
2006V01580

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 6, 2007

**VIA ELECTRONIC CASE FILING**
**AND HAND-DELIVERY**
Honorable Charles P. Sifton
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    David Litzkow v. Michael Chertoff, Secretary
            Civil Action No. CV-06-3857 (Sifton, J.) (Pohorelsky, M.J.)

Dear Judge Sifton:

       The undersigned Assistant United States Attorney represents the Defendant in the above-referenced Title VII action. We respectfully submit this letter to seek clarification and guidance regarding the Court's minute order denying Defendant's motion for summary judgment, entered on September 26, 2007.

       The Court's order summarily denied Defendant's motion. Given the numerous allegations and claims set forth in Plaintiff's complaint, Defendant seeks clarification of the Court's decision to aid the parties in preparing for trial. Specifically, Defendant respectfully requests that the Court issue a supplemental decision or order addressing the following points of law:

       1.     What theory of liability is Plaintiff being permitted to proceed to trial on for purposes of his Title VII hostile work environment claim? Defendant maintains that Plaintiff lacks standing to complain about his co-workers' offensive conduct in general, but must prove that he was harassed specifically because of his inter-racial relationship. Plaintiff argues that his marriage to an Asian woman gives him standing to complain about all offensive conduct directed at minorities (whether inside or outside of the workplace) by his co-workers. Resolution of this question will help define the nature and scope of the upcoming trial.

       2.     Which of the alleged retaliatory actions cited by Plaintiff constitutes a "materially adverse action" within the meaning of the Supreme Court's decision in Burlington Northern & Santa Fe Ry. Co. v. White, 126 S. Ct. 2405, 2415 (2006)? Plaintiff cites numerous actions by his co-workers and supervisors that he argues were retaliatory in nature. In White, the Supreme Court made clear that only those actions "that are likely to dissuade employees from complaining or assisting in complaints about discrimination" are actionable under Title VII. 126 S. Ct. at 2416. Is Plaintiff being permitted to go to trial on every one of his allegations of retaliation?

Honorable Charles P. Sifton
October 6, 2007
Page 2

     3.     May Plaintiff recover in this case for *his wife's* alleged injuries? In his Complaint, Plaintiff demands compensation for his wife's physical and psychological damages allegedly caused by the harassment and retaliation that Plaintiff experienced at work. It is undisputed that Ms. Huynh was never employed by Defendant. Hence, there would be no legal basis for Ms. Huynh to sue the agency herself under Title VII. Likewise, there is no legal basis for Plaintiff to sue the agency on her behalf. We ask the Court to strike any such claim. In the absence of a ruling on this question, the parties will have to engage in burdensome and costly discovery concerning Ms. Huynh's damages, including independent medical examinations.

     Thank you for your time and consideration.

                          Respectfully submitted,

                          ROSLYNN R. MAUSKOPF
                          United States Attorney

By: *Steven M. Warshawsky*
        _____
        Steven M. Warshawsky (SW 5431)
        Assistant United States Attorney
        (718) 254-6060

cc:    Joy Bertrand, Esq.
       Counsel for Plaintiff
       via ECF

---

(1) A reasonable finder of fact could conclude that defendant discriminated against plaintiff on account of his status as a white man married to an Asian woman.

(2) The retaliatory actions cited by plaintiff considered together and in relation to each other, if established, constitute a materially adverse action within the meaning of *Burlington Northern*.

(3) The third issue listed above was neither raised nor decided by this Court's 9/26/07 ruling.

s/Hon. Charles P. Sifton
October 12, 2007
USDJ